IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Michael Kalagian,  Plaintiff,  v.  ClearFlame Engines, Inc., d/b/a ClearFlame Engine Technologies and ClearFlame Technologies ABC, LLC  Defendants. | Case No.: 24-cv-50471  Judge Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

Plaintiff Michael Kalagian sued Clearflame Engines, Inc. ("ClearFlame") and ClearFlame Technologies ABC, LLC ("New Clearflame" or "CFT"),[1] alleging employment discrimination in violation of federal and state law. New ClearFlame moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that successor liability doesn't apply. For the following reasons, the Court denies New ClearFlame's Motion.

**Background**

The Court takes the allegations as true to decide this Motion. Michael Kalagian is an "older," partially disabled engineer. Dkt. 18 ¶ 22. Defendant ClearFlame terminated him on August 15, 2023. *Id.* ¶ 13. Clearflame said it was due to a "reduction in workforce," but Kalagian claims ClearFlame replaced him with

---

[1] Kalagian uses "New ClearFlame." ClearFlame Technologies uses "CFT." The Court primarily adopts Kalagian's formulation.

1

a younger employee. *Id.* ¶ 25. He also cites discriminatory incidents he experienced while he was employed at ClearFlame. *Id.* ¶¶ 15–20. Kalagian sued ClearFlame on November 18, 2024. Dkt. 1.

On March 24, 2025, Kalagian was notified (the "Notice") that on February 26, 2025, "declining business prospects prompted ClearFlame Engines" to "execute a general assignment for the benefit of creditors . . . in favor of ClearFlame Technologies ABC, LLC ("Assignee")." Dkt. 18 ¶ 6 (citing Ex. A). "Pursuant to the Assignment, ownership of all of [ClearFlame's] assets, both tangible and intangible transferred to [New ClearFlame]." *Id.* As of February 26, 2025, "Clearflame ha[d] begun the process of liquidating the Assets, terminating [ClearFlame's] commercial operations and otherwise winding down ClearFlame's affairs." *Id.* New ClearFlame was also given "irrevocable general power of attorney to act in ClearFlame's name (including prosecuting and defending legal claims on behalf of ClearFlame)." Dkt. 35 at 3. The Notice also provided further information regarding filing claims against ClearFlame. *See* dkt. 18 ¶ 6.

According to Kalagian, New ClearFlame was formed on February 24, 2025. *Id.* ¶ 7. He alleges that, "[u]pon information and belief, New ClearFlame is the successor in interest to ClearFlame, continuing the same or substantially similar business operations and business activities, and employing the same or similar management, employees, and resources." *Id.* ClearFlame is listed as "Not in Good Standing" with the Illinois Secretary of State. *Id.* ¶ 5. New ClearFlame, however, is now a recognized Illinois LLC. *Id.* ¶ 7.

After ClearFlame didn't oppose Kalagian's motion to amend, dkt. 16, Kalagian filed this Amended Complaint, naming both ClearFlame and New ClearFlame. Counts I and II are federal claims, alleging ADA and ADEA discrimination. Counts III and IV are Illinois state law claims alleging age and disability discrimination under the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*

**Analysis**

Federal Rule of Civil Procedure 8 requires only a "short and plain statement" establishing the basis for the claim and the Court's jurisdiction. Fed R. Civ. P 8(a). A plaintiff will survive a Rule 12(b)(6) motion if the plaintiff alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

    A.    *Federal Claims*

New ClearFlame says the Court must dismiss Kalagian's Complaint, because it doesn't adequately plead successor liability. In general, an asset purchaser doesn't acquire the seller's liabilities, such as pending lawsuits. The successorship doctrine is an exception to that rule. Federal common law governs successor liability for

federal claims. *Teed v. Thomas & Betts Power Sols, L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013). In a case involving more than one corporate entity, "successor liability is the default rule" to enforce federal employment laws. *E.E.O.C. v. Northern Star Hosp., Inc.*, 777 F.3d 898, 901 (7th Cir. 2015) (citing *Teed*, 711 F.3d at 763) (citation modified)).

Successor liability determinations are fact intensive. *Plumbers' Pension Fund, Local 130, U.A. v. Republic Piping Sys.*, 2020 U.S. Dist. LEXIS 136988, at *5 (N.D. Ill. Aug. 3, 2020); *Flagstar Bank, FSB v. Southern Star Capital, LLC*, 2014 U.S. Dist. LEXIS 20996, at *10 (E.D. Mich. Feb. 20, 2014). Fact-intensive determinations are inappropriate for a Rule 12(b)(6) motion to dismiss. *Maz Partners, LP v. First Choice Healthcare Sols., Inc.*, 2020 U.S. Dist. LEXIS 38799, at *19 (M.D. Fla. Feb. 14, 2020); *Dixon v. Local Express, Inc.*, 2017 U.S. Dist. LEXIS 98711, at *4–5 (S.D. Tex. June 26, 2017). And courts can't make factual determinations regarding successor liability on a motion to dismiss. *Lakeside Bldg. Main., Inc. v. Raytheon Travel*, 2002 U.S. Dist. LEXIS 17967, at *5–6 (N.D. Ill. Sep. 20, 2002).

Federal courts consider the following factors in determining the doctrine's applicability: Whether (1) the successor had notice of the pending lawsuit; (2) the predecessor would have been able to provide the relief sought in the lawsuit before the sale; (3) the predecessor could have provided relief after the sale; (4) the successor can provide the relief sought in the suit; and (5) there is continuity between the operations and work force of the predecessor and the successor. *Teed*, 711 F.3d at 766. The federal successor liability doctrine is "more favorable to plaintiffs than most

state-law standards." *Id.* The standard is "intend[ed]" to "protect workers' rights" and the "imposition of successor liability will often be necessary to achieve the statutory goals because the workers will often be unable to head off a corporate sale by their employer aimed at extinguishing the employer's liability to them." *Id.*

As to the notice factor, Kalagian sued ClearFlame in November 2024. New ClearFlame didn't succeed ClearFlame until February 2025. Drawing inferences in Kalagian's favor, the Court reasonably presumes that New ClearFlame had notice of this suit. And as Kalagian notes, "[w]here the successor has notice of a predecessor's liability, there is a presumption in favor of finding successor liability." *Northern Star*, 777 F.3d at 902. New ClearFlame doesn't deny it had notice, asserting only that Kalagian didn't adequately allege that notice in his Complaint. *See* dkt. 37 at 4. New ClearFlame doesn't rebut the *Northern Star* presumption, so on that factor alone the Court may deny New ClearFlame's motion.

Regardless, the other factors are either neutral or weigh in Kalagian's favor. Kalagian alleges that "New ClearFlame is the successor in interest to ClearFlame, continuing the same or substantially similar business operations and business activities, and employing the same or similar management, employees, and resources." It's true that such an allegation doesn't include many specific facts describing the current operations. *See also* dkt. 37 at 2–3. But the Court won't ignore that "New ClearFlame's" legal name is Clearflame Technologies ABC, nearly identical to the prior "ClearFlame Engine Technologies."

5

In Reply, New ClearFlame says the Notice shows it's "beginning the process" of liquidating ClearFlame's assets and terminating its operations. New ClearFlame asserts that that language "rebuts any claim" that it's continuing ClearFlame's business. *Id.* at 3. The Court doesn't find the Notice so unambiguous. Accepting the Complaint's allegations as true and drawing reasonable inferences in Kalagian's favor, Kalagian adequately pleads that New ClearFlame continues ClearFlame's operations. Moreover, if it's true that New ClearFlame operates an entirely new business or that it fired its workforce—or that it lacked notice of the suit—New ClearFlame will have little trouble answering the Complaint.

As to the remaining factors: Assigning all of its assets to New ClearFlame and being listed as "Not in Good Standing," ClearFlame plausibly has no ability to provide relief. And, conversely, having obtained all of those assets, New ClearFlame plausibly has that ability. So, the Court finds that Kalagian plausibly alleges successor liability as to the federal claims.

B.   *State Claims*

Kalagian also brings employment discrimination claims under Illinois state law. Illinois has "long applied the common-law rule that a corporate successor is not subject to the debts or obligations incurred by the entity that previously operated the business." *People ex rel. Dep't of Hum. Rts. v. Oakridge Healthcare Ctr., LLC*, 181 N.E.3d 184, 191 (Ill. 2020).[2] This rule is subject to four exceptions: "(1) the parties had an express or implied agreement that the transferee would assume the

---

[2] The *Oakridge* court explicitly retained its successor liability doctrine, rejecting a request to adopt the federal standard.

transferor's liabilities; (2) the transaction amounts to a merger or consolidation or a *de facto* merger of the transferor and the transferee; (3) the transferee is a mere continuation or reincarnation of the transferor; or (4) the transaction was entered into for the fraudulent purpose of avoiding liability for the transferor's obligations." *Id.*

In his Response, Kalagian says the "fraudulent purpose" exception applies in this case.[3] In determining whether debtors acted with fraudulent intent, Illinois courts may consider at least eleven factors, or "badges of fraud." *See Steel Co. v. Morgan Marshall Indus., Inc.*, 662 N.E. 2d 595, 602 (Ill. App. Ct. 1996) (citing 740 ILCS 160/5)). Kalagian highlights some relevant ones, including: "(i) whether the transfer was concealed or hurried; (ii) whether the seller had been sued or threatened with suit before the transfer; (iii) whether the transfer was of substantially all assets; (iv) whether the seller became insolvent shortly after; and (v) whether inadequate consideration was given for the assets."[4] Dkt. 35 at 13.

In this case, Kalagian filed a lawsuit against ClearFlame before New ClearFlame obtained the assets, and it's more than plausible that New ClearFlame knew about the suit. Further, citing the Notice he received, Kalagian alleges that

---

[3] New ClearFlame correctly notes that Kalagian raises some of the fraud arguments in his Response, but not his Complaint. The Court finds that those arguments only elaborate on the Complaint's theory—that New ClearFlame is merely a reincarnation—so the Court considers them. *See Knox v. Curtis*, 771 F. App'x 656, 658 n.2 (7th Cir. 2019) (citing *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)).

[4] Kalagian's framing largely mirrors 740 ILCS 160/5(b)(3), (4), (5), (8), (9). However, Factor (3) and cases quoting it says "the transfer or obligations was disclosed or concealed." The Court doesn't find a reference to "hurried," so the Court only considers the speed of the sale to the extent it indicates an effort to conceal the transfer.

ClearFlame transferred all of its assets to New ClearFlame. That, in turn, also made ClearFlame insolvent. Finally, in his Response—but not his Complaint—Kalagian alleges that ClearFlame didn't receive fair value for the exchange. *See* dkt. 35 at 13. To be sure, these allegations do not *establish* fraud. But accepting them as true and drawing inferences in Kalagian's favor, those allegations plausibly indicate successor liability via the fraudulent purpose exception.[5]

A final note: Because Kalagian's theory might implicate fraud issues, New ClearFlame says that the Court must analyze the Complaint under Federal Rule of Civil Procedure 9(b), which says "a party must state with particularity the circumstances constituting fraud." First, for the above reasons, the Court finds Kalagian's Complaint sufficiently particular even under Rule 9(b). Moreover, the Court isn't convinced that Rule 9(b) applies when the fraudulent purpose theory is only a means to holding the successor responsible, not a claim in itself.

**Conclusion**

Ultimately, Kalagian's Complaint is somewhat speculative as to successor liability. It meets the 12(b)(6) standard, but he'll need to show more as the case proceeds. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (plaintiff must establish his claims "with the manner and degree of evidence required at the successive stages of litigation."). New ClearFlame's answer and discovery will help clarify the

---

[5] In Reply, New ClearFlame urges the Court not to put weight on the assignment and insolvency because the assignment from ClearFlame to New ClearFlame was "for the benefit of creditors." Dkt. 37 at 6–7. But Kalagian alleges (so the Court must accept) that the Defendants had other motives. This Court can't ignore Kalagain's allegations, credit New ClearFlame's assertions, nor draw inferences in New ClearFlame's favor. *In re Deere & Co. Repair Serv. Antitrust Litig.*, 703 F. Supp. 3d 862, 895 (N.D. Ill. 2023).

relationship between the two companies and whether the successor liability doctrine ultimately applies.

    For the above reasons, the Court denies Defendant's motion to dismiss.

Entered: July 23, 2025                     By:_____
                                                     Iain D. Johnston
                                                       U.S. District Judge